IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETER KOSTYSHYN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 10-891-SLR |
| | ) |
| PHIL MORGAN, Warden, et. al., | ) |
| | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington this 8th day of December, 2010, having reviewed the above captioned case pursuant to Rule 4, 28 U.S.C. foll. § 2254;

IT IS ORDERED that petitioner Peter Kostyshyn's ("petitioner") motion for leave to proceed in forma pauperis is **GRANTED** (D.I. 1) solely with respect to the issuance of this Memorandum Order.

IT IS FURTHER ORDERED that petitioner's pro se application for habeas relief (D.I.2; D.I. 4) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies, for the reasons that follow:

**1. Background.** In October 2010, petitioner filed the instant habeas application[1] challenging his July 2010 conviction in the Delaware Court of Common Pleas for eight misdemeanors. (D.I. 2; D.I. 4)

**2. Standard of Review**. A district court judge may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to

---

[1] Petitioner also filed an additional application (D.I. 4) challenging the same conviction as the original application filed in this case; the court's reference to "application" includes this additional application.

it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(b)(1)(A). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. See *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

**3. Discussion**. According to the instant application, petitioner was convicted in July 2010, and his appeal is currently pending before the Delaware Supreme Court. (D.I. 2, ¶ 9) Therefore, it plainly appears that petitioner is not entitled to federal habeas relief because he has not yet exhausted state remedies.[2]

4. The court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. LAR 22.2 (2002).

IT IS FURTHER ORDERED that the clerk of the court shall close the case and mail a copy of this order to petitioner at his address of record and to respondents.

UNITED STATES DISTRICT JUDGE

---

[2]Habeas applications filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Petitioner is responsible for determining the events that trigger and toll the limitations period.

2